**quinn emanuel** trial lawyers | washington, dc
777 Sixth Street NW, 11th Floor, Washington, District of Columbia 20001-3706 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
(202) 538-8151

WRITER'S EMAIL ADDRESS
benoneil@quinnemanuel.com

October 24, 2016

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **United States v. Alfredo Hawit et al. Criminal Docket No. 15-252 (S-1) (RJD)**

Dear Judge Levy:

We are counsel to non-party CONMEBOL. Our client has authorized its former counsel, Michael Kendall, to testify on two matters at tomorrow's hearing: (1) whether a common interest agreement existed between CONMEBOL and Mr. Napout; and 2) the scope of that agreement.

Mr. Kendall informed us just this afternoon that he intends to testify about other topics, but has refused to identify or describe the content of his proposed testimony. As former counsel to CONMEBOL, Mr. Kendall is restricted by ethical obligations he owes to his former client from using information learned in connection with his representation of CONMEBOL contrary to CONMEBOL's interests, particularly in support of Mr. Napout whose interests CONMEBOL believes are contrary to its own. Mass. R. Prof. C. 1.9(c), as appearing in 471 Mass. 1359 (2015); *accord* Model Rules of Prof'l Conduct R. 1.9 (2016).

We bring this to the Court's attention because we may have no choice but to object to aspects of Mr. Kendall's testimony to the extent he strays beyond the limited topics authorized by CONMEBOL. Since Mr. Kendall refuses even to inform his former client of either the anticipated topics or the content of his testimony on such topics, we must reiterate that CONMEBOL has consented only to his testimony on the aforementioned two topics and otherwise reserves its right to seek that his testimony be restricted in accordance with the ethical obligations he owes to his former client.

Mindful of the Court's time, we will of course attempt to limit our objections to only what is necessary to preserve our client's ongoing right to its former counsel's duty of loyalty.

Respectfully submitted,

Ben O'Neil